KLEES, Judge.
Defendants, William (Bill) Elder and Rampart Broadcasting Company, d/b/a WWL Television (hereinafter collectively referred to as ‘WWL”), appeal the district court’s judgment ordering them to produce certain documents which were sought by plaintiff in a subpoena duces tecum issued during the discovery phase of plaintiffs defamation suit.
On August 3,1992 through August 6,1992, WWL television broadcast a series of news stories resulting from an investigation conducted by its reporter Bill Elder. The reports concerned alleged misconduct and improprieties on the part of plaintiff Harvey in his position as president of the Board of Commissioners of the Orleans Levee District. On August 6, 1992, plaintiff filed suit against WWL alleging defamation. On August 13, 1992, plaintiff issued to WWL a subpoena duces tecum requesting copies of all reporter’s notes, written statements, charts, diagrams, rough notes, interoffice memoranda, unedited recorded interviews and unedited video film footage, and other documents and film footage related to the news stories which had been broadcast concerning plaintiffs activities. WWL filed a motion to quash the subpoena claiming the materials sought are privileged under La.R.S. 45:1452 and 45:1459. Plaintiff responded with a motion to compel compliance with the subpoena, and a contradictory hearing was held on September 25, 1992.
On September 30, 1992, the trial judge signed a judgment which allows for the discovery of the non-broadcast file materials in the possession of WWL, with the identity of any informants or confidential sources deleted. WWL now appeals that judgment.
The applicable law is R.S. 45:1459, which states, in pertinent part:
§ 1459. Qualified protection for non-confidential news
A. “News” shall mean any written, oral, pictorial, photographic, electronic, or other information or communication, whether or not recorded, concerning local, national, worldwide events or other matters of public concern or public interest or affecting the public welfare.
B. (1) Notwithstanding the provisions of any law to the contrary, no reporter or news media organization, as those terms are defined in R.S. 45:1451, nor any photographer, custodian of records, or other representative of any news media organization shall be adjudged in contempt by any court in connection with any civil or criminal proceeding, or by the legislature or other body having contempt powers, nor shall a grand jury seek to have such person held in contempt by any court, legislature, or other body having contempt powers for refusing or failing to disclose any news which was not published or broadcast but was obtained or prepared by such person in the course of gathering or obtaining news, or the source of any such news, even if such news was not obtained or received in confidence, unless a court has found that the party seeking such news has made a clear and specific showing that the news:
(a) Is highly material and relevant;
(b) Is critical or necessary to the maintenance of a party’s claim, defense, or proof of an issue material thereto; and
*374 (c) Is not obtainable from any alternative source.
(2) A court shall order disclosure only of such portion, or portions, of the news sought as to which the above-described showing has been made and shall support such order with clear and specific findings made after a contradictory hearing.
This statute further provides in subsection E that any order compelling disclosure under the statute shall be appealable.
On appeal, WWL contends that plaintiff failed to make a “clear and specific showing” in the trial court that the materials being sought are not obtainable from any alternative source, as is required by the statute. The record does not contain a transcript of the hearing below. Counsel for both sides have informed us that the hearing consisted only of the attorneys’ oral arguments, which were not recorded by a court reporter.
It is impossible for this court to determine whether the requisite showing has been made in the absence of a hearing transcript or other evidence. In our view, R.S. 45:1459, which specifically provides a right to appeal from disclosure orders, implicitly requires that there be a full hearing in the trial court with evidence preserved for appeal. Accordingly, we remand this matter to the trial court for that purpose.

REMANDED.